IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JACKSON DIVISION

**RECEIVED JUL 2 2 2025 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF MISS.**

**KIMBERLY MONIQUE ROSS,**

Plaintiff,

vs.

**JAMES CHRISTOPHER WALKER,**

Individually and in his Official Capacity

as Chancellor for Holmes and Madison Counties,

Defendant.

Civil Action No. 3:25-cv-534-CWR-LGI

## COMPLAINT FOR DAMAGES AND RELIEF

**COMES NOW** Plaintiff, Dr. Kimberly Monique Ross, Pro Se, files this Complaint against Defendant, James Christopher Walker, in his individual and official capacities, and in support thereof states as follows:

### PARTIES

1. Plaintiff Kimberly Monique Ross is an adult citizen of the United States and resident of Hinds County, Mississippi, residing at 2957 Woodbine St., Jackson, MS 39212.

2. Defendant James Christopher Walker is the currently sitting Chancellor for the Holmes County Chancery Court located at 2 Court Square, Lexington, MS 39095, and the Madison County Chancery Court located at 146 W Center Street, Canton, MS 39046. He is sued in his individual and official capacities.

3. The plaintiff has never been a party to any legal matter before which Defendant was the presiding judge.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because this case arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this district and Defendant resides and works within this district.

## FACTUAL ALLEGATIONS

6. Plaintiff first encountered Defendant in July 2023 at the Holmes County Chancery Court building in Lexington, MS, while Defendant was presiding over an emergency hearing in Civil Action No. 21-0026 involving Plaintiff's companion, Azalea Beth Christian, and opposing party Lolita Yvette Bailey-Christian.

7. The Plaintiff made a brief statement to Defendant concerning the whereabouts of Azalea's then-attorney Bradley Scott Clanton, who was significantly late and ultimately did not appear for the hearing.

8. In August 2023, Plaintiff appeared again at a continued hearing on the emergency matter where she served as a character witness on behalf of Azalea Christian. Defendant deemed the emergency moot and noted the evidence reflected partially resolved issues.

9. Defendant allowed the withdrawal of Attorney Clanton due to his repeated failures to appear and suggested he would issue a show cause for contempt.

10. On November 27, 2023, Plaintiff attended a trial hearing in the matter between Azalea and Lolita, held at Madison County Chancery Court, solely for moral support. Plaintiff did not testify due to an assault on November 5, 2023, by Lolita and her relatives.

11. On November 27, 2023, Defendant allowed unverified hearsay evidence from Lolita, including a police report allegedly showing Plaintiff was trespassed from a hospital for impersonating medical personnel.

12. Defendant compelled Plaintiff to testify, though she was not a party to the action, inquiring if she was a doctor and questioning her about the November 5, 2023, incident.

13.     Despite the lack of authenticated evidence or adversarial presentation, Defendant issued a restraining order against Plaintiff, barring her from contact with the minor child and Lolita.

14.     On December 20, 2023, the Defendant amended the order to restrain Azalea from allowing her child near Plaintiff.

15.     Between January 22, 2024 and the present, Defendant continued to unlawfully target Plaintiff by issuing a warrant for her arrest, compelling her appearance to surrender Azalea and her minor child (whom was not residing with her at the time) to the City of Jackson Police Department located in Jackson, MS alleging the plaintiff was a party to kidnap with her companion Azalea, and repeatedly making inappropriate personal inquiries.

16.     Defendant referred to Plaintiff as "Jim Jones" and accused Azalea of "drinking the Kool-Aid," illustrating bias, hostility, and a pattern of harassment.

17.     Defendant acted based on improper ex Parte communications, including correspondence with attorney Bradley Clanton (former attorney of both Azalea Christian and the plaintiff) accepting damning information regarding the plaintiff in exchange for not facing and contempt's or other sanctions. To which was admitting by Bradley Clanton during a hearing between the plaintiff, Azalea, Mr. Clanton, and disciplinary committee members of the MS Bar Associate located in Jackson, MS during the hearing pertaining to the bar complaint filed by the plaintiff and her companion Azalea Christian regarding Mr. Clanton's conduct as counsel (Mr. Clanton also admitted guilt and accepted an agreed order to pay the plaintiff and her companion for compensatory damages) earlier this year and was also found guilty and privately reprimanded by the Mississippi Supreme Court and the Mississippi Bar association as a result of his conduct and actions, attorney Glenda Burton-Horne (former attorney of Lolita Bailey-Christian who was granted termination of service on November 27, 2023) whom the defendant allowed to give her direct yet indirect argument via email to Emily Summerall who is the defendants Staff Attorney regarding the case that he's presiding over and her desperate plea to him to find out if any of the information provided by Mr. Clanton regarding the Plaintiff were factual by consulting an NCIC background check on the plaintiff without any probable cause with the intentions to create a narrative of a "Bonnie and Clyde" situation that Azalea

    Christian supposedly was trying to have or raise a child in, and Hinds County Chancery Court Judge Tametrice E Hodges-Linzey (the presiding chancellor over the Plaintiffs chancery matter) by telling her that he had just entered a ruling against the plaintiff which was to affect her rulings in the Plaintiffs Hinds County chancery court matter she's presiding over, which was also admitted by Judge Hodges-Linzey on February 8, 2024 during the emergency hearing and October 21, 2024 Recusal hearing the plaintiff filed to be heard in her court and allowing hearsay evidence, and evidence that was provided to him that was never authenticated in any manner concerning Plaintiff.

18.    These acts constitute abuse of judicial authority, violation of due process rights, and harassment.

## CLAIMS FOR RELIEF

Count I – Violation of Due Process Rights (42 U.S.C. § 1983)

19.    Plaintiff incorporates all preceding paragraphs.

20.    Defendant deprived Plaintiff of her constitutionally protected rights under the Fourteenth Amendment to due process, including her right to be heard, to face her accusers, and to be free from arbitrary governmental action.

21.    Defendant's issuance of restraining orders and judicial findings against Plaintiff without proper notice, evidence, or opportunity to defend herself constitutes a clear violation of her due process rights.

Count II – Abuse of Power and Retaliation (First and Fourteenth Amendments)

22.    Plaintiff incorporates all preceding paragraphs.

23.    Defendant targeted Plaintiff for her association with Azalea Christian and for participating in a Bar complaint against Attorney Clanton.

24.    Defendant's retaliatory conduct, including issuing a warrant and public accusations, chilled Plaintiff's speech and interfered with her relationships and personal safety.

Count III – Intentional Infliction of Emotional Distress

25.    Plaintiff incorporates all preceding paragraphs.

26. Defendant's conduct—publicly ridiculing Plaintiff, accusing her of criminal impersonation, and endangering her legal and physical safety—was extreme and outrageous.

27. Defendant's actions were intended to cause emotional distress or were done with reckless disregard of the likelihood of causing such distress.

28. Plaintiff has suffered mental anguish, physical and emotional trauma, financial hardship, and reputational damage.

## PLAINTIFFS CASE SUMMARY

The defendant has been what seems to be him trying to make a career of harassing the plaintiff by contacting any and everyone that he can to find out any information about the plaintiff whether it be positive or damaging. However, his actions have been a direct and perfect example of abuse of power, judicial misconduct, and overall disregard to upholding the oath he took when he became an elected justice of the court. He has a knack for presenting himself as "invisible" and "unpunishable", which is extremely dangerous to the public and all those who come in contact with him. His persistence "he is never wrong", and "everyone will always go to side with him", is also extremely dangerous to the public and anyone who comes in contact with him. The Defendant previously gave the impression that he was a very honest and fair individual who genuinely wanted to rectify dangers involving a minor child. To actually being, what would put you in the mind of the most dangerous and hated villain in movies. They put on a face of "warmth" and "love" all the while they are taking money and accepting bribes under the table just to harm the innocent and defenseless while getting their next feeling of nostalgia and an adrenaline rush.

## DAMAGES

29. Plaintiff is a disabled, vulnerable adult who has endured harassment, humiliation, and unlawful targeting.

30. Plaintiff's constitutional rights were violated, including but not limited to her rights under the First, Fourth, Fifth, and Fourteenth Amendments.

31. Plaintiff has suffered and continues to suffer:

- Emotional trauma.
- Physical injury;
- Reputational damage;
- Financial losses;
- Impairment of personal liberty;
- Legal hardship.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays this Court grant the following:

A. A declaratory judgment that the actions of Defendant violated Plaintiff's constitutional rights;

B. Injunctive relief overturning and dismissing all orders and rulings made by Defendant against Plaintiff;

C. A permanent order of protection enjoining Defendant from further harassment or contact with Plaintiff;

D. An official declaration of Plaintiff's innocence and an acknowledgment of judicial error;

E. Compensatory damages in the amount of $550,000;

F. Punitive damages to be determined by the Court;

G. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

H. Any and all other relief this Court deems just and proper.

Respectfully submitted this 22nd day of July, 2025.

_/O mR_

Kimberly Monique Ross

2957 Woodbine St.

Jackson, MS 39212

Plaintiff, Pro Se