UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE ROSS                                       PLAINTIFF

V.                                     CIVIL ACTION NO. 3:25-CV-534-KHJ-MTP

JAMES CHRISTOPHER WALKER                                  DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [7] Report and Recommendation. The [7] Report recommends dismissing with prejudice pro se Plaintiff Kimberly Monique Ross's ("Ross") claims against Madison County Chancellor, Defendant James Christopher Walker ("Chancellor Walker"). For the reasons stated below, the Court adopts the [7] Report and dismisses this case with prejudice.

I.    Background

This is Ross's second lawsuit against Chancellor Walker. *See* Civil Action No. 3:25-CV-109-KHJ-MTP (hereinafter "*Ross I*"). Both lawsuits concern Chancellor Walker's conduct in a family law case involving Ross's "companion," Azalea Christian. *Ross I* Compl. [1] at 1–2. Although not a party to Christian's case, Ross had a separate child custody case in Hinds County with a different judge. *Id.* That said, Ross and Christian hired the same lawyer—Bradley Clanton—to represent them in these separate family law cases. *Id.*

By Ross's telling, Chancellor Walker "initiated a series of retaliatory actions against" her and Christian because Clanton—the shared attorney—failed to attend three hearings in Christian's case. *Id.* at 2; *see also id.* at 3 (claiming that Chancellor Walker also retaliated against Ross for "exercising her right to file complaints against him with the Mississippi Judicial Performance Commission"). Ross identified five "retaliatory actions" in her first lawsuit. *Id.* 1–5.

1. Chancellor Walker engaged in "improper and unlawful ex [p]arte communications" with Clanton about Christian's case and Ross's Hinds County case. *Id.* at 1–2.
2. Chancellor Walker issued a restraining order against Ross and then amended the order to prohibit Christian from allowing her child near Ross. *Id.* at 2–3.
3. Chancellor Walker "acted with bias" and did not provide "an opportunity for [her] to present evidence or testimony" before issuing the restraining order. *Id.*
4. Chancellor Walker unlawfully compelled her to testify. *Id.* at 3.
5. Chancellor Walker showed bias and hostility by referring to her as "Jim Jones." *Id.*

Ross sued Chancellor Walker under Section 1983, alleging First, Fifth, and Fourteenth Amendment violations, judicial misconduct under Mississippi law, slander, and retaliation. *Id.* at 4–5. She sought $550,000 in damages as well as injunctive relief overturning Chancellor Walker's orders, removing him from his position, and forcing him to publicly apologize. *Id.* at 5.

Ross soon moved for leave to proceed *in forma pauperis*, which the Court granted. *See Ross I* IFP Mot. [2]; *Ross I* Order [6]. On that basis, the Magistrate Judge screened her *Ross I* [1] Complaint, as required by Section 1915. *See Ross I* R. & R. [7] at 1, 3; *see* 28 U.S.C. § 1915(e)(2). He recommended dismissal with prejudice for two reasons. First, the *Ross I* [1] Complaint "[sought] monetary relief

against a defendant who is immune from such relief." *Ross I* [7] at 3–5; *see also* 28 U.S.C. § 1915(e)(2)(B)(iii). Second, the *Ross I* [1] Complaint's requests for injunctive relief failed to state a claim under Section 1983. *Ross I* [7] at 5–6; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Ross failed to state a claim because she made no allegations that Chancellor Walker "violated a declaratory decree or that she was unable to challenge on appeal any ruling" by Chancellor Walker. *Ross I* [7] at 6 (citing 42 U.S.C. § 1983 as amended in 1996). Ross objected to the Magistrate Judge's findings. *Ross I* Objs. [8].

But this Court overruled the *Ross I* [8] Objection because Ross "fail[ed] to address whether any of her claims can fit into one of the exceptions to judicial immunity" and merely "restat[ed] the allegations in her . . . Complaint." *Ross I* Order [11] at 4–5. Even so, the Court liberally construed portions of the *Ross I* [8] Objection as arguing "that Chancellor Walker acted without any jurisdiction" and reviewed that issue de novo. *Id.* at 5. But the *Ross I* [1] Complaint and *Ross I* [8] Objection still failed to overcome Chancellor Walker's judicial immunity. *Id.* 6–8. As a result, this Court dismissed the *Ross I* claim with prejudice. *See Ross I* Final J. [12]. Ross did not appeal the dismissal.

One month later, Ross filed this claim—*Ross II*—which echoes the allegations of *Ross I*. *See Ross II* Compl. [1]. This time, Ross sued Chancellor Walker as a defendant in his individual and official capacities. *Id.* at 1. But Ross again claimed Chancellor Walker (1) engaged in ex parte communications, (2) issued a restraining order against her, (3) acted with bias in issuing the restraining order, (4) unlawfully

3

compelled Ross to testify, (5) showed bias by making the "Jim Jones" comment, and (6) issued a warrant for Ross's arrest. *Id.* at 2–3. The *Ross II* [1] Complaint asserted three causes of action: "Violation of Due Process Rights," "Abuse of Power and Retaliation (First and Fourteenth Amendments)," and "Intentional Infliction of Emotional Distress." *Id.* at 4.

*Ross II* followed the same procedural path as *Ross I*. First, Ross moved for leave to proceed *in forma pauperis*, which the Court granted. *See Ross II* IFP Mot. [3]; *Ross II* Order [6]. The Magistrate Judge then screened the *Ross II* [1] Complaint and recommended dismissal. *See Ross II* R. & R. [7] at 1. But this time, the Magistrate Judge recommended dismissing the *Ross II* [1] Complaint as frivolous and malicious because Ross is "essentially seeking to relitigate [or] refile *Ross I*." See *Ross II* [7] at 4; 28 U.S.C. § 1915(e)(2)(B)(iii).

Ross then objected to the *Ross II* [7] Report. *Ross II* Objection [8].

II. Standard

When no party timely objects to a magistrate judge's report, the district court applies "the 'clearly erroneous, abuse of discretion[,] and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). But when a party objects to portions of the report, the district court must review those portions de novo. 28 U.S.C. § 636(b)(1).

Even so, courts need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam), or consider "[f]rivolous, conclusive[,] or general objections . . . ." *Nettles v.*

4

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). And parties cannot "raise a factual objection by merely reurging arguments contained in" previous filings. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

III.   Analysis

The Court overrules the *Ross II* [8] Objection, adopts the *Ross II* [7] Report, and dismisses the *Ross II* [1] Complaint as frivolous under Section 1915(e)(2)(B)(iii).

To begin, Ross's [8] Objection fails to address the crux of the *Ross II* [7] Report. The *Ross II* [7] Report recommended dismissing this case under Section 1915(e)(2)(B)(iii) because Ross is proceeding *in forma pauperis* and seeks "to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated." *Ross II* [7] at 4 (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)). None of Ross's objections address Section 1915(e)(2)(B)(iii). Ross does not contest her *in forma pauperis* status. Nor does she explain how the factual allegations in her *Ross II* [1] Complaint differ from *Ross I*.

Instead, Ross's objections rehash arguments this Court rejected in *Ross I*. Ross's first two objections claim Chancellor Walker acted outside his judicial capacity by engaging in ex parte communications and issuing a restraining order. *Ross II* [8] at 1–2. This Court rejected these arguments in its *Ross I* dismissal:

> Mississippi's Constitution grants chancery courts "full jurisdiction" over divorce and child custody matters. Miss. Const. art. VI, § 159; *see also*

> *Bronk v. Hobson*, 152 So. 3d 1130, 1132 (Miss. 2014) (en banc) . . . Construing Chancellor Walker's jurisdiction broadly, the Court presumes that he had jurisdiction over Christian's case, and Ross has not alleged any facts to the contrary. Since Chancellor Walker had jurisdiction over Christian's case, any communications he may have had with counsel in that case did not occur in the complete absence of all jurisdiction. Ross's argument is meritless.

See *Ross I* [11] at 5–7; see also *Ross I* [7] at 3–5 (explaining why judicial immunity bars Ross's claims). And Ross cannot raise a genuine objection by "merely reurging arguments contained in" her previous filings. *Edmond*, 8 F.3d at 293 n.7.

Ross's third objection is also meritless. This time, Ross claims the *Ross II* [7] Report "fails to credit allegations" that Chancellor Walker retaliated against her and compelled her to testify. *Ross II* [8] at 2. But "allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009). In any case, Ross made this claim in *Ross I*. See *Ross I* [1] at 1–2. Once again, Ross cannot raise a genuine objection by "merely reurging arguments contained in" her previous filings. *Edmond*, 8 F.3d at 293 n.7.

Ross's fourth objection ignores the *Ross II* [7] Report altogether. The fourth objection says, "The dismissal with prejudice of [*Ross I*] rested on judicial immunity. [Ross] objects because the acts complained of were taken in clear absence of all jurisdiction[]." *Ross II* [8] at 3. But Ross did not appeal this Court's *Ross I* [11] Order. And the *Ross II* [8] Objection is an improper vehicle to do so. See *Hawkins v. AT&T*, No. 3:15-CV-0336-L, 2017 WL 5642379, at *2 (N.D. Tex. Feb. 23, 2017) ("If Plaintiff disagrees with the [C]ourt's determination, her proper recourse is to appeal

the action to the Fifth Circuit Court of Appeals, not file another complaint that alleges identical claims.").

Finally, Ross's fifth objection stretches the continuing violations doctrine too far. Ross argues that the continuing violations doctrine permits refiling of this claim. *Ross II* [8] at 3. That doctrine allows a plaintiff to extend the statute of limitations period for an otherwise time-barred claim by showing that the violation manifested itself over time rather than in a series of discrete acts. *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). But the statute of limitations is not an issue here. And the continuing violations doctrine cannot revive claims already litigated and dismissed. *See Payne v. United States*, No. 4:15CV246-LG-CMC, 2016 WL 454899, at *5 (E.D. Tex. Feb. 5, 2016) (rejecting an attempt to use the continuing violations doctrine to circumvent res judicata).

At bottom, the Court must ensure Ross "obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Ross's *Ross II* [1] Complaint is frivolous under Section 1915(e)(2)(B)(iii) because Ross seeks to relitigate *Ross I*. And the arguments offered in the *Ross II* [8] Objection do not alter that conclusion. So the Court dismisses this case with prejudice.

The Court also issues a warning to Ross about future frivolous filings. "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). And a Court may enter these injunctions sua sponte. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). If Ross continues to file frivolous

pleadings, the Court may prohibit her from proceeding *in forma pauperis* or bar her from filing any new lawsuits without obtaining prior approval from a federal district or magistrate judge.

IV.     Conclusion

For the reasons stated above, the Court OVERRULES Ross's *Ross II* [8] Objection, ADOPTS the *Ross II* [7] Report, and DISMISSES WITH PREJUDICE the *Ross II* [1] Complaint. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 10th day October, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE